No. 8.—O. .P. GAINES *et al.* plaintiffs in error, *vs.* WM. WEDGEWORTH *et al.* defendants in error.

[1.] A motion to amend a confession of judgment, was made on the following affidavit of the Attorneys who gave the confession: "It was distinctly understood and stated by deponents, that we would confess judgment to the plaintiff, reserving the right to appeal, and that said confession was written out by Counsel for plaintiffs and signed by Col. Crook, without said reservation, by mistake or inadvertence." The motion was granted: *Held,* that it was properly granted.

Ejectment, in Chattooga Superior Court. Tried before Judge TRIPPE, September Term, 1855.

The defendant below confessed judgment to the plaintiff for the premises in dispute, and $25 *mesne* profits. From this confession he appealed. A motion was made to dismiss this appeal, because the liberty of appeal was not reserved. Defendant then moved to amend his confession of judgment, and filed the affidavit of his Attorneys, A. B. Culberson and L. W. Crook, that "it was distinctly understood and stated by deponents, that we would confess judgment to the plaintiffs, reserving the right to appeal; and that said confession was written out by Counsel for plaintiffs and signed by Col.

Crook without said reservation, by mistake or inadvertence."

The Court allowed the amendment, and this decision is assigned as error.

WRIGHT, for plaintiffs in error.

UNDERWOOD, represented by HULL, for defendants.

*By the Court.*—BENNING, J. delivering the opinion.

Courts have power, under the Act of 1818, to allow confessions of judgment to be amended in the manner in which it was proposed to be done in this case. (*Pr. Digest*, 441. *Seymour vs. Howard*, 15 *Ga. R.* 110.)

The case was one in which the exercise of the power was proper.

The showing for leave to amend amounts to this : The Attorneys who gave the confession announced to the Court that they were willing to confess a judgment, with a reservation of the right of appeal. This they thought was heard and agreed to by the Attorneys on the other side; therefore, they thought that those Attorneys, in writing out the confession, would insert in it a reservation of the right of appeal. And for this reason, they did not examine the confession, to see whether it contained the reservation or not. This is a case of inadvertence. In a case not dissimilar in principle, this Court decided that the party confessing was entitled to a bill in Equity for a new trial. *Booth and another vs. Stamper,* (6 *Ga. R.* 172.)

But why should a party be compelled to go into Equity, when his object may be better accomplished at Law, by an amendment consisting in five words—" reserving the right of appeal."

We think the judgment allowing the amendment was right. See *Little vs. Ingram et al.* (16 *Ga. R.* 194.)